IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL FREDERICK STOVER,

        Petitioner,

   v.

OREGON BOARD OF PAROLE &
POST-PRISON SUPERVISION,

        Respondent.

Case No. 2:18-cv-00043-HZ

OPINION AND ORDER

Kristina S. Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Umatilla County convictions dated December 17, 2013 and January 14, 2014. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

The Umatilla County Circuit Court provided a comprehensive factual background for this case:

> At trial, the state presented the following evidence. Over the course of four days Petitioner assaulted his girlfriend, Earlene Brown, three times. On one occasion, between the late hours of Friday, August 24, and early hours of Saturday, August 25, Brown refused Petitioner's sexual advances. As a result, Petitioner started pushing a naked Brown outside. In an attempt to stay inside the house, Brown dropped to the floor. With Brown lying on the floor, Petitioner falsely accused Brown of kicking him in the testicles. Then, Petitioner punched Brown in the head, knocking her out. Petitioner punched Brown so hard that she was in pain and bruised for several days. In love and hoping Petitioner would change, Brown decided not to call the police.
>
> About two days later, however, Petitioner again struck Brown. On that day, Petitioner visited Brown at the store where she worked. There, Petitioner began to talk to a woman that was in the store. Petitioner asked the woman to meet up with him later. Hearing what Petitioner said, Brown became jealous and tossed her phone towards Petitioner but did not strike him. Although the phone landed some distance away from his feet, Petitioner stomped on Brown's phone,

2 – OPINION AND ORDER

>cracking the screen. When Brown bent down to pick up her broken phone, Petitioner grabbed tongs from a fireplace set and, using the tongs, smacked Brown on her right wrist. As a result, she was in pain for several hours. In fact, Petitioner hit Brown so hard that Brown bore a tong-shaped bruise and a swollen wrist. Then, Petitioner turned around and began to walk out of the store. As Brown followed Petitioner outside, Petitioner turned around and punched Brown in the mouth. Later that day the couple talked and Petitioner, in tears, told Brown he would never hit her again. Brown again decided not to call the police.
>
>On August 27, Brown refused Petitioner's sexual advances. Demanding that Brown leave, Petitioner again started to shove Brown outside while she was naked. Brown began to struggle to prevent Petitioner from throwing her outside without pants. Then, Petitioner punched Brown in the cheek. Subsequently, Brown's cheek and mouth became bruised and swollen and she was in immense pain. That day, Brown realized Petitioner was never going to stop abusing her so she decided to call the police. The police arrived at the scene and subsequently arrested Petitioner.
>
>Based on the first and last assault, a grand jury indicted Petitioner on two counts of fourth-degree assault. Based on the second assault, the grand jury indicted Petitioner on one count of second-degree assault with "a fire poker or tongs" and second-degree criminal mischief for damaging Brown's cell phone. Petitioner did not testify at his trial. After deliberation, the jury unanimously found Petitioner guilty of each count of assault, but found him not guilty on the count of criminal mischief.

Respondent's Exhibit 122, pp. 1-2.

Based upon these incidents, the trial court sentenced Petitioner to 47 months in prison. Petitioner also entered a no-

3 – OPINION AND ORDER

contest plea to Tampering with a Witness, leading to the imposition of a consecutive 24-month prison term. As a result, Petitioner's prison sentence totaled 71 months. Trial Transcript, pp. 317-20.

Petitioner took a direct appeal wherein he raised claims pertaining to the trial court's jury instructions and its assessment of a court-appointed attorney fee. Respondent's Exhibit 104. The Oregon Court of Appeals affirmed the trial court's decision without issuing a written decision, and the Oregon Supreme Court denied review. *State v. Stover*, 276 Or. App. 919, 370 P.3d 565, *rev. denied*, 360 Or. 236, 381 P.3d 830 (2016).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief on his claims. Respondent's Exhibit 122. On appeal, and relevant to this habeas corpus proceeding, he pursued a claim that his trial attorney was ineffective when he failed to request a lesser-included jury instruction of Assault in the Fourth Degree ("Assault IV") as to the incident at Brown's workplace involving the fireplace tongs which resulted in his Assault in the Second Degree ("Assault II") conviction. Respondent's Exhibit 123. The Oregon Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. *Stover v. Bowser,* 299 Or. App. 123, 449 P.3d 581, *rev. denied,* 366 Or. 64, 455 P.3d 39 (2019).

Petitioner now brings this 28 U.S.C. § 2254 habeas corpus case raising nine grounds for relief. Respondent asks the Court

4 – OPINION AND ORDER

to deny relief on the Petition because: (1) with the exception of Petitioner's Ground Eight claim of ineffective assistance of counsel, he failed to fairly present any of his claims to Oregon's state courts thereby leaving them procedurally defaulted; (2) the PCR court's decision denying relief on Ground Eight is neither contrary to, nor an unreasonable application of, clearly established federal law; and (3) all of Petitioner's claims lack merit.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the

state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A federal habeas court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

II. **Unargued Claims**

Petitioner raises nine grounds for relief in his Petition. In his supporting memorandum, however, he chooses to brief only

6 – OPINION AND ORDER

his Ground Eight claim that his trial attorney was ineffective for failing to request a jury instruction on the lesser-included offense of Assault IV. Petitioner does not argue the merits of his remaining claims, nor does he address any of Respondent's arguments as to why relief on these claims should be denied. As such, Petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims). Even if Petitioner had briefed the merits of these claims, the Court has examined them based upon the existing record and determined that they do not entitle him to relief.

### III. Ground Eight: Ineffective Assistance of Counsel

In Oregon, the fundamental difference between Assault II and Assault IV is that the former requires the State to prove that a criminal defendant utilized a dangerous weapon whereas the latter does not. *Compare* ORS 163.175(1)(b) (Assault II), *with* ORS 163.160(1)(a) (Assault IV). At trial, Petitioner's attorney sought to secure a full acquittal as to the Assault II charge by convincing the jury that Petitioner never attacked Brown with a weapon. He did not, however, ask the trial judge to give the jury a lesser-included instruction that would permit it to convict Petitioner of Assault IV. Petitioner claims that where counsel essentially conceded that an assault occurred at Brown's workplace while also arguing that the assault did not involve a dangerous weapon, it was incumbent upon him to give the jury the option to reach a guilty verdict as to Assault IV.

7 – OPINION AND ORDER

Where he did not, and where the jury could have found that the State had not proven the dangerous weapon element of Assault II, Petitioner maintains that counsel's omission left the jury in the uncompromising position of either convicting him of Assault II or acquitting him even though criminal conduct had obviously occurred at Brown's workplace.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. In this particular instance, Petitioner can demonstrate prejudice if he can establish a reasonable probability that the jury would have convicted him of Assault IV had counsel requested the lesser-included instruction. When *Strickland's* general standard is

combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During Petitioner's PCR proceedings, counsel submitted a Declaration wherein he explained his trial strategy:

> 2. I recall that my overall trial strategy was to focus on the second-degree assault charge and to argue that the state had not met its burden of establishing that any of her injuries were caused by petitioner using the fire poker or tongs. Instead, the injuries were the product of the victim accidentally injuring herself while repairing a bike or of one of the other altercations with petitioner, in which no weapon was involved.
>
> * * * * *
>
> 5. I do not recall specifically why I did not request a lesser-included-offense instruction for fourth-degree assault. However, based on my recollection of overall trial strategy, I likely concluded that an "all or nothing" approach would be best. As explained above, the main focus of the defense was that the state had not proven that petitioner had caused any injury with the weapon alleged in the indictment. Instead, to the extent petitioner caused any of the injuries, they occurred during the other altercations in which no weapon was used. Because petitioner was also charged with various crimes relating to those altercations, I did not believe there was any risk that the jury would find him guilty of second-degree assault simply to prevent him from avoiding responsibility when he had clearly committed a crime.

Respondent's Exhibit 120, pp. 1-2.

9 – OPINION AND ORDER

After holding a hearing, the PCR judge denied relief on this claim as follows:

> I find [t]he testimony of [trial counsel] to be credible. The trial attorney's strategy was to attack the credibility of the complaining witness and to challenge the charge of Assault in the Second Degree and suggest that the victim was injured during one of the other altercations and that Petitioner did not attack her with the fireplace tongs, therefore, no dangerous weapon was involved. This strategy was supported by evidence that the victim did not mention being hit with fire tongs when she obtained a restraining order the day after she spoke to the police and Petitioner was arrested. The victim did, however, tell the investigating police officer who responded to the 911 call that Petitioner had struck her on the wrist with the fire tongs.
>
> * * * *
>
> Petitioner has not proven that his trial attorney failed to exercise reasonable professional skill and judgment by not requesting a lesser included instruction of Assault in the Fourth Degree to the Assault in the Second-Degree charge. While trial counsel does not at this point remember specifically why he did not request the lesser-included instruction, he believes he likely concluded that an all or nothing approach was best. The main focus of the defense was that the state had not proven that the Petitioner caused any injury with a dangerous weapon. Because Petitioner was also charged with other crimes, including two counts of Assault in the Fourth Degree, he did not believe the jury would find him guilty of Assault in the Second Degree simply to prevent him from avoiding responsibility. Based on this testimony, I find that trial counsel, more likely than

10 – OPINION AND ORDER

> not, made a conscious strategic decision to not request a lesser-included instruction.
>
> The question then is whether that strategic decision was reasonable. A decision to not request a lesser-included instruction can enhance the chance of an unwarranted conviction and thus be unreasonable when the element that elevates the lesser-included offense to the greater one (in this case the use of a dangerous weapon) is doubtful and there is substantial evidence of a serious lesser-included offense. In this case, there was substantial evidence that Petitioner repeatedly assaulted the victim and caused injury even if he did not use the fire tongs. However, the use of the fire tongs by the Petitioner to assault the victim on one occasion, thus elevating one of the assaults to Assault in the Second Degree, was not doubtful. The victim testified that Petitioner hit her on the wrist with the tongs and reported the same to the responding officers. There were marks on the victim's wrist and the tongs were located. Petitioner admitted his fingerprints would be on the tongs. Petitioner did not testify to dispute the victim's account. The only question raised about the victim's version came from her restraining order affidavit in which she describes being struck on the arms but does not mention that fire tongs were used. Because of these factors and the fact that there were other assault charges on which the jury could convict the Petitioner if they acquitted him on the Assault in the Second-Degree charge, I find that the trial attorney's decision to not request a lesser-included instruction was reasonable.

Respondent's Exhibit 122, pp. 2-4.

Petitioner contends that the PCR court's decision is flawed because it failed to address a serious inconsistency in counsel's PCR Declaration. Specifically, he argues that pursuing

11 – OPINION AND ORDER

an "all or nothing" approach is inconsistent with counsel's concession that Petitioner assaulted Brown at her workplace. He therefore concludes that the PCR court's decision, which depended on its finding that trial counsel was credible, was based upon an unreasonable determination of the facts in light of the evidence presented.[1]

This Court finds no inconsistency in trial counsel's Declaration or his approach to Petitioner's defense. He concentrated Petitioner's defense on overcoming the Assault II charge and, contrary to Petitioner's representation, did not concede that Petitioner caused the injury to Brown's wrist during the incident at her place of employment. Instead, he stated that it was difficult to ascertain the origins of that particular injury given the confusion and ambiguity in the case stemming from the different altercations at issue as well as Brown's "clouded judgment," poor recall, and "fuzzy" perception as a result of her alcohol use. *Id* at 257, 261. As he stated in his PCR Declaration, to the extent Petitioner caused the injury to Brown's wrist, it "occurred during the other altercations in which no weapon was used." Respondent's Exhibit 120, p. 2.

---

[1] Petitioner also asserts that the PCR court made an unreasonable factual determination when it concluded that counsel's strategy was supported by Brown's failure to mention the fire tongs in her restraining order affidavit, all the while failing to recognize Brown's statements that Petitioner hit her on the wrist. To the contrary, the PCR court did recognize various ways in which Brown stated that Petitioner hit her on the wrist including her trial testimony, her application for a restraining order, and her statements to authorities. Respondent's Exhibit 122, p. 4. Consequently, even though the PCR court found that counsel's strategy had at least some evidentiary support, it also recognized that contradictory evidence existed.

12 – OPINION AND ORDER

Consistent with that Declaration, counsel argued to the jury that Brown suffered "so many injuries" that the "injury or the pain [in the wrist] was not a result of the fire poker, if there was any at all, but perhaps it was from something else." Trial Transcript, p. 261. He claimed that Brown's injuries could have occurred from any of the altercations she had with Petitioner, and also directed the jury's attention to Brown's testimony about injuries she sustained from a bicycle accident. *Id* at 246, 252-254. He next pointed to the fact that Brown had suffered an injury to her arm while attempting to repair her bicycle. *Id*. Finally, he referenced law enforcement testimony that Brown had suffered an injury to her arm while working on a light fixture. *Id*. In this regard, counsel did not simply concede that Petitioner assaulted Brown at her workplace causing the injury to her wrist.

Although the jury could still find from the evidence that Petitioner assaulted Brown at her workplace, this fact does not lead inexorably to the conclusion that counsel was obligated to request a lesser-included instruction. When counsel elected not to request such an instruction, he sought to secure a full acquittal as to the most serious charge his client faced. Without a lesser-included instruction, if the jury had concluded that Petitioner assaulted Brown but did not use a dangerous weapon, the result would have presumably been a full acquittal on the Assault II charge.[2] Had he requested a lesser-included

---

[2] Even with a lesser-included instruction, the jury would have been obligated to render a decision based solely on the Assault II charge before considering the lesser-included offense; it could not have simply weighed both options

13 – OPINION AND ORDER

instruction in this context, he would have exposed Petitioner to the very real possibility of an additional Assault IV conviction. Because counsel's strategic decision not to do so was a reasonable one, his performance did not fall below an objective standard of reasonableness.

Even assuming counsel was constitutionally obligated to request a lesser-included jury instruction under these circumstances, Petitioner is unable to demonstrate prejudice. As the PCR court found, aside from Brown's omission in her application for the restraining order, all of the evidence adduced at trial showed that petitioner had, in fact, assaulted her with fire tongs. This included Brown's testimony, her statement to law enforcement officers, Petitioner's own admission that his fingerprints would be found on the tongs, and the fact that Brown displayed "a tong-shaped bruise." Respondent's Exhibit 122, p. 1; *see also* 28 U.S.C. § 2254(e)(1) (state-court factual findings are presumed correct absent clear and convincing evidence to the contrary). Thus, even had counsel successfully sought a lesser-included instruction on Assault IV, the jury was not likely to acquit Petitioner of Assault II and convict him of the lesser offense. For all of these reasons, the PCR court's decision was not objectively unreasonable and habeas corpus relief is not warranted.

///

///

---

simultaneously before deciding which it preferred. *See* ORS 136.460(2) (requiring juries to first make a finding as to the charged offense before considering the lesser included offense).

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

October 25, 2021
DATE

*Marco Hernandez*
Marco A. Hernandez
United States District Judge

15 – OPINION AND ORDER